1  DAVID E. MASTAGNI, Esq. (SBN 204244)
   davidm@mastagni.com
2  ISAAC S. STEVENS, Esq. (SBN 251245)
   istevens@mastagni.com
3  TASHAYLA D. BILLINGTON, Esq. (SBN 307050)
   tbillington@mastagni.com
4  JOEL M. WEINSTEIN, Esq. (SBN 213016)
   jweinstein@mastagni.com
5  **MASTAGNI HOLSTEDT**
6  *A Professional Corporation*
   1912 "I" Street
7  Sacramento, California 95811
   Telephone: (916) 446-4692
8  Facsimile:  (916) 447-4614
9  Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARAGON, JOEY ARMENDAREZ, JONATHAN BOGGS, RAY BRUNO, CON CENDEJAS, ADAM CHITTENDEN, CHRISTOPHER DEANDA, THOMAS DEBELLIS, MICHAEL DELCID, JONATHON ENGLE, WILMER FLEENOR, LUKE GRANGER, CALEB GUINN, AMANDA HARTEL, RONALD HELMS, SERVANDO HERNANDEZ, RICHARD HOUSLEY, BRANDON HUMPHREY, TY HUTCHISON, BRIAN KALOUSEK, JUSTIN LODARSKI, MICHAEL LOYA, JEFF MILLER, AARON MULHALL, JAKE NOVAK, NATHAN PALMER, HENRY PEREZ, MICHAEL RUSTUN, STEVEN SANDS, DAVID SANTOS, DAVID SILVA, RYAN STESLICKI, SHAUN TARCON, JASON TOOLEY, JOHN VAIL, KEVIN VALENTIN, STEVEN | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216** |

Complaint for Violations of the Fair Labor Standards Act    1    *RICHARD ARAGON, et al., v. CITY OF COLTON*

| | |
|---|---|
| VALLEZ, JUSTIN WEEMS, JAKE ZAVOSKY, and JEFFREY ZUIDEMA, on behalf of themselves and all similarly situated individuals<br><br>          Plaintiffs,<br><br>  v.<br><br>CITY OF COLTON,<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## I.

## INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, et seq., to recover from Defendant CITY OF COLTON (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

2. This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate overtime compensation for Plaintiffs and all similarly situated individuals, as well as Defendant's practice of deducting "opt-out" fees from the wages paid to Plaintiffs and similarly situated individuals.

## II.

## PARTIES

3. RICHARD ARAGON, JOEY ARMENDAREZ, JONATHAN BOGGS, RAY BRUNO, CON CENDEJAS, ADAM CHITTENDEN, CHRISTOPHER DEANDA, THOMAS DEBELLIS, MICHAEL DELCID, JONATHON ENGLE, WILMER FLEENOR, LUKE GRANGER, CALEB GUINN, AMANDA HARTEL, RONALD HELMS, SERVANDO

|   |   |
|---|---|
| 1 | HERNANDEZ, RICHARD HOUSLEY, BRANDON HUMPHREY, TY |
| 2 | HUTCHISON, BRIAN KALOUSEK, JUSTIN LODARSKI, MICHAEL |
| 3 | LOYA, JEFF MILLER, AARON MULHALL, JAKE NOVAK, NATHAN |
| 4 | PALMER, HENRY PEREZ, MICHAEL RUSTUN, STEVEN SANDS, |
| 5 | DAVID SANTOS, DAVID SILVA, RYAN STESLICKI, SHAUN |
| 6 | TARLON, JASON TOOLEY, JOHN VAIL, KEVIN VALENTIN, STEVEN |
| 7 | VALLEZ, JUSTIN WEEMS, JAKE ZAVOSKY, and JEFFREY |
| 8 | ZUIDEMA, ("Plaintiffs") are employed by the Defendant. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the three years prior to filing this action. |

4. Defendant, CITY OF COLTON, is a political subdivision of the State of California, and employed the Plaintiffs. Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted, in the under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

5. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

6. The named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

## III.

## JURISDICTION

7. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, et seq., to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, et seq.

8. Venue is proper because the acts and omissions giving rise to this action occurred primarily in the Central District.

## IV.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work, or have worked, for the Defendant at any time in the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiffs' claims are typical of those of other individuals similarly situated. Plaintiffs will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, pursuant to 29 U.S.C. section 216(b), for unpaid overtime compensation, liquidated damages thereon, based on a three-year statute of limitations, and relief incident and subordinate thereto, including attorney fees and costs.

11. Plaintiffs' claims for relief for violations of the FLSA are brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. section 216(b) for all violations of the FLSA.

12. Plaintiffs hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. sections 216(b) and 256.

13. On information and belief, the exact number of members similarly situated in the collective group, as herein identified and described, is estimated to consist of well over forty individuals.

14. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including: whether Defendant failed to fully compensate Plaintiffs and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, as well as other payments made pursuant to the applicable collective bargaining agreements. The relief sought is common to the entire class.

15. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to the relief sought herein. There is no conflict as to the named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief set forth herein.

16. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the

interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

17. Plaintiffs' counsel is experienced and capable in the field of FLSA and labor/employment litigation and has successfully represented thousands of claimants in other litigation of this nature.

18. Plaintiffs' counsel will conduct and be responsible for Plaintiffs' case herein. David E. Mastagni, Isaac Stevens, Tashayla D. Billington, and Joel Weinstein who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered significant sums on their behalf.

19. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiffs, and the class of putative plaintiffs they seek to represent, to the same uniform practice of excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, as well as other payments made pursuant to the applicable collective bargaining agreements.

20. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated current and former non-exempt employees of Defendant so that they may make an informed decision about whether or not to join this action.

## V.
## FACTUAL ASSERTIONS

21. Plaintiffs are, or were, employed by the Defendant within the last three (3) years.

22. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

23. At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiffs' overtime compensation are based.

24. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* 233 F.3d 175, 187 (3rd. Cir. 2000).)

25. Defendant's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to them by failing to include all statutorily required amounts into the calculation of their "regular rate" of pay as defined by 29 U.S.C. section 207(e).

26. Defendant failed to include monetary compensation paid to Plaintiffs and other similarly situated individuals in lieu of Defendant-provided health insurance in the "regular rate" used to calculate overtime compensation.

27. For example, as part of the compensation Defendant offered to Plaintiffs and other similarly situated individuals, it paid monetary compensation to individuals that opted out of Defendant-provided health benefits coverage.

28. At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

29. Also, as part of the compensation it provided Plaintiffs, Defendant made contributions on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits.

30. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded certain remunerations it paid Plaintiffs and similarly

situated individuals, including but not limited to, cash payments in lieu of health benefits, contributions made towards the purchase of health benefits, as well as other payments made pursuant to applicable collective bargaining agreements. Plaintiffs are informed and believe Defendant treated such payments made to similarly situated individuals in the same manner.

31. At all times relevant hereto, Defendant treated payments made to Plaintiffs in lieu of health benefits as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payments to similarly situated individuals in the same manner.

32. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

33. 29 U.S.C. section 207(e)(2) does not allow Defendant to exclude from the "regular rate" monetary compensation paid to Plaintiffs and similarly situated individuals in lieu of contributions for health benefits or spending less than the allowance provided.

34. Similarly, 29 U.S.C. section 207(e)(4) only allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person when made pursuant to a "bona fide plan" for providing health insurance benefits.

35. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

36. The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

37. In *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016); cert. denied 137 S.Ct. 2117.), the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "[u]nder § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under 207(e)(4) because those payments were not made to a trustee or third party.

38. The court in *Flores*, *supra*, also held that when the total cash payments made directly to employees pursuant to a benefit plan are more than "incidental," the plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215. (Id. at 903.) Therefore, any contributions made on behalf of an employee towards the purchase of health benefits that are not made pursuant to a bona fide plan are required to be included in the calculation of the "regular rate".

39. On information and belief, Defendant's total cash payments made directly to employees in lieu of health insurance or benefits were more than "incidental" in each of the three (3) years preceding this action.

40. Defendant's health benefits plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

41. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not made pursuant to a bona fide plan within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

42. Payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits are required to be included in the calculation of their overtime compensation.

43. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not included in any employees' regular rate for the purposes of determining overtime compensation.

44. Because the remunerations paid to Plaintiffs and similarly situated individuals in lieu of health benefits were not made for hours of non-work, or made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

45. At all times relevant hereto, Defendant, through pattern and practice on a city-wide basis did not include the monetary compensation it provided directly to Plaintiffs and similarly situated individuals in lieu of health benefits as well as for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

46. Likewise, Plaintiffs are informed and believe, and based thereon allege, Defendant failed to include contributions it made on their behalf and on behalf of other similarly situated individuals toward the purchase of health benefits in the "regular rate" used to calculate their overtime compensation.

47. Defendant also provided additional incentive payments to Plaintiffs pursuant to the applicable collective bargaining agreement, including, but not limited to paramedic incentive, education incentive benefits, and bilingual pay.

48. Defendant, through pattern and practice, did not include these additional incentive payments it made pursuant to the applicable collective bargaining

agreement into the calculation of Plaintiffs' respective "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA. Further, on information and belief, Defendant did not include incentive payments provided by the applicable collective bargaining agreements into the "regular rate" of pay of similarly situated individuals for the purposes of determining overtime compensation as required by the FLSA.

49. By excluding certain items of remuneration from the "regular rate" of pay used to calculate the overtime compensation paid to Plaintiffs and other similarly situated individuals, including but not limited to cash in-lieu of health benefits, contributions towards the purchase of health benefits, as well as other incentive payments provided by the applicable collective bargaining agreements, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

50. Defendant failed to pay Plaintiffs and similarly situated individuals for cashed out compensatory time off ("CTO") at the "regular rate" of pay by excluding certain remunerations, including but not limited to cash in lieu of health benefits, contributions made towards the purchase of health benefits coverage, as well as other incentive payments made pursuant to the applicable collective bargaining agreements.

51. Defendant has a policy of cashing out Plaintiffs' unused CTO at less than the rate required by 29 U.S.C. section 207(o)(3) and (4). On information and belief, this policy applies to all individuals similarly situated to the named Plaintiffs.

52. 29 U.S.C. section 207(o)(3)(B) requires that if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

53. 29 U.S.C. section 207(o)(4) requires that, upon termination of employment, Plaintiffs must be paid for unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

54. Defendant has implemented and maintained a city-wide practice of excluding certain remunerations, including but not limited to cash in-lieu of health benefits, contributions towards the purchase of health benefits, as well as other payments made pursuant to the applicable collective bargaining agreements in the "regular rate" of pay used to pay out CTO accruals.

55. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

56. Plaintiffs are informed and believe, and based thereon allege, Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

57. Defendant's failure to properly compensate Plaintiffs and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

58. As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs seek damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages thereon. Plaintiffs seek these damages for the entire period of time Defendant engaged in said unlawful and willful conduct, beginning three years prior to the filing of this complaint as prescribed by the FLSA.

59. Plaintiffs' also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## VI.

## FIRST COUNT

### (Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)

64. Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

65. Defendant suffered or permitted Plaintiffs and, on information and belief, other similarly situated individuals to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation and the amount of cash paid to Plaintiffs and similarly situated individuals who cashed out CTO.

66. By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation and CTO cash outs, Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

67. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

68. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

69. At all times relevant hereto, Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the FLSA.

70. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiffs seek back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages for the period beginning three (3) years prior to the filing of this action.

71. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## VII.
## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and a willful violation of the FLSA, and therefore Plaintiffs and similarly situated individuals are entitled to recover damages under a three (3) year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that the above-referenced remuneration will be included in the "regular rate" of pay for the purposes of overtime compensation;

6. For conditional certification of the collective class as pled;

7. For an order to timely notify all potential collective class members of this action;

8. For such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: April 14, 2020                                    **MASTAGNI HOLSTEDT, A.P.C.**

By: /s/ David E. Mastagni
DAVID E. MASTAGNI, Esq.
ISAAC S. STEVENS, Esq.
TASHAYLA D. BILLINGTON, Esq.
JOEL M. WEINSTEIN, Esq.