JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-776 JGB (SPx)** | Date | December 22, 2021 |
|---|---|---|---|
| Title | *Richard Aragon, et al. v. City of Colton* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Joint Motion for Settlement Approval under the Fair Labor Standards Act (Dkt. No. 41); and (2) VACATING the January 10, 2022 (IN CHAMBERS)

Before the Court is a Joint Motion for Approval of Settlement Agreement under the Fair Labor Standards Act ("FLSA"). ("Motion," Dkt. No. 41.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the matter, the Court GRANTS the Motion and DISMISSES the case. The Court VACATES the hearing set for January 10, 2022.

## I. BACKGROUND

Plaintiffs are seventy-five individuals ("Plaintiffs") employed by Defendant City of Colton ("City"). (See Mot.) On April 14, 2020, forty firefighters employed by the City' Fire Department commenced the instant action on behalf of themselves and similarly situated individuals against Defendant ("Original Plaintiffs").[1] ("Complaint," Dkt. No. 1; Mot. at 6.)

---

[1] The Original Plaintiffs are: Richard Aragon, Joey Armendarez, Jonathan Boggs, Ray Bruno, Con Cendejas, Adam Chittenden, Christopher DeAnda, Thomas DeBellis, Michael Delcid, Jonathon Engle, Wilmer Fleenor, Luke Granger, Caleb Guinn, Amanda Hartel, Ronald Helms, Servando Hernandez, Richard Housley, Brandon Humphrey, Ty Hutchison, Brian Kalousek, Justin Lodarski, Michael Loya, Jeff Miller, Aaron Mulhall, Jake Novak, Nathan Palmer, Henry Perez, Michael Rustun, Steven Sands, David Santos, David Silva, Ryan Steslicki, Shaun Tarlon, Jason Tooley, John Vail, Kevin Valentin, Steven Vallez, Justin Weems, Jake Zavosky, and Jeffrey Zuidema (collectively, "Original Plaintiffs"). (Compl. ¶ 3; Mot. at 6.)

Subsequently, thirty-five members of the International Brotherhood of Electrical Workers ("IBEW") Local 47 employed by the City joined the action as individual plaintiffs. (Dkt. Nos. 18, 22–23, 28, 31–34, 37–38; Mot. at 6.) Plaintiffs allege one cause of action for failure to pay all overtime compensation earned under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (Compl. ¶¶ 64–71.)

On November 2, 2021, Plaintiffs and Defendant filed the instant Motion. (See Mot.) In support of the Motion, the parties also filed the following documents:

- Proposed Settlement Agreement ("Agreement," Dkt. No. 41-4);
- Amendment to Agreement ("First Amendment," Dkt. No. 41-2);
- Second Amendment to Agreement ("Second Amendment," Dkt. No. 41-3);
- Plaintiffs' Signed Agreements and Releases ("Signed Agreements and Releases," Dkt. No. 41-4);
- Declaration of David E. Mastagni ("Mastagni Declaration," Dkt. No. 41-5); and
- Declaration of Roger Crawford ("Crawford Declaration," Dkt. No. 41-6).

## II. LEGAL STANDARD

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by a contract. Beidleman v. City of Modesto, 2018 WL 1305713, at *1 (E.D. Cal. Mar. 13, 2018) (citing Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013)). Thus, employee claims under the FLSA cannot be waived for fear that employers may coerce employees into settlement and waiver. Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 175 (S.D.N.Y. 2015)). FLSA claims may only be waived or settled if settlement is supervised by the Secretary of the U.S. Department of Labor or approved by a federal district court. Id.

"The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved." Beidleman, 2018 WL 1305713 at *2. District courts in this circuit have instead relied on the standard adopted by the Eleventh Circuit, which considers whether a "settlement represents a 'fair and reasonable resolution of a bona fide dispute.'" Selk, 159 F. Supp. 3d at 1172 (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982)). "A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" Id. (quoting Ambrosino v. Home Depot U.S.A., Inc., 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014)); see also Nen Thio v. Genji, LLC, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (listing, for example, issues regarding "FLSA coverage or computation of back wages"). "A court will not approve a settlement … [if] there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute." Beidleman, 2018 WL 1305713, at *2.

Once a court finds that a bona fide dispute exists, it will often assess the FLSA settlement under the same factors used to evaluate a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). Seguin v. County of Tulare, 2018 WL 1919823, at *2 (E.D. Cal. Apr. 24, 2018). However, application of the Rule 23 factors alone "runs the risk of not giving due weight to the policy [of protecting labor rights] behind the FLSA" that is not inherent to Rule 23. Selk, 159 F. Supp. 3d at 1173. Accordingly, courts apply "a totality of circumstances approach" to FLSA settlements. Id. Courts consider: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. Id. If, under these factors, "the settlement reflects a reasonable compromise over issues that are actually in dispute," then "the court may approve the settlement.'" Id.

### III.  DISCUSSION

The Court examines (1) whether a bona fide dispute exists between the parties, and (2) whether the Agreement is fair and reasonable in the totality of circumstances.

**A.  Bona Fide Disputes**

The Court finds that the parties have demonstrated bona fide disputes between Plaintiffs and the City. Plaintiffs' action alleges that the City excluded certain cash-in-lieu of benefits payments from employees' "regular rate," resulting in underpayment of overtime compensation. (Compl. ¶¶ 4, 22–23, 26.) The City acknowledges that the regular rate must include cash-in-lieu of benefits payments, but disputes the nature and extent of its liability. (Mot. at 12.) Specifically, the parties disagree on: (1) whether the City's contributions toward the purchase of health care premiums are "incidental" and excludable from the regular rate of pay; (2) whether damages should be calculated based on the method for salaried non-exempt employees or the method for hourly non-exempt employees; (3) whether the City is entitled to credits and offsets under 29 U.S.C. § 207(h)(2); (4) whether the City acted in good faith in its calculation of overtime compensation or would otherwise be subject to liquidated damages; and (5) the applicable statute of limitations. (Mot. at 12–15.) The Court concludes that these competing views reflect bona fide disputes about the FLSA. See Beidleman, 2018 WL 1305713, at *3 (finding in case about cash-in-lieu payments bona fide disputes about the calculation of overtime compensation, defendant's good faith, and applicable statute of limitations).

**B.  Proposed Settlement Is Fair and Reasonable**

The Court next evaluates the six factors discussed above to determine whether the Agreement is fair and reasonable under the totality of the circumstances. Selk, 159 F. Supp. 3d at 1173. For the reasons below, the Court concludes that the Agreement is fair and reasonable.

//

1. **Plaintiffs' Range of Possible Recovery**

"A district court evaluates the plaintiff's range of potential recovery to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims." Selk, 159 F. Supp. 3d at 1174 (citations omitted).

Here, the parties have agreed to settle this case for $1,112,633.09, exclusive of liquidated damages. (Mot. at 16.) Of that amount, $840,358.10, or about 75%, is Plaintiffs' total recovery; $272,274.99, or about 25% of the settlement value, is allocated for attorneys' fees and costs. (Id. at 8–9.) Plaintiffs will receive payment of their back pay no later than forty-five calendar days after the Court's order approving the Agreement or after the City receives a Plaintiff's signed release if it has not been submitted prior to the Court's order. (Mot. at 10; Second Amendment at ¶¶ 1(b), 1(c).) According to the Motion, all but one of the Plaintiffs has returned the signed release. (Mot. at 10; see Signed Agreements and Releases.)

The parties represent that the settlement value exceeds Plaintiffs' potential recovery at trial because the parties used "inflated backpay estimates far above what the FLSA requires" to calculate damages. (Id. at 18; Mastagni Decl. ¶ 40.) Specifically, the parties calculated overtime pay using the definition set forth in Plaintiffs' memoranda of understanding ("MOUs") with the City, which is broader than what the FLSA requires. (Mot. at 9, 16.) The Agreement also allows Plaintiffs to recover damages beginning from September 22, 2016, which is more than three and a half years before the date the Complaint was filed. (Id. at 18.) This time period exceeds the FLSA's statute of limitations, which is two years but may be extended to three years for willful violations. 29 U.S.C. § 255(a). Moreover, the Agreement excludes any offsets and credits that Plaintiffs concede Defendants likely would be entitled to under the FLSA. (Mot. at 14.) The Court agrees with the parties that these provisions offer Plaintiffs a generous recovery in proportion to the true settlement value of their claims.

However, the parties note that one particular group of Plaintiffs—the members of IBEW Local 47's Electric Unit—will receive a nominal amount of $500.00 each, as opposed to a payment based on their overtime hours. (Mot. at 9.) According to the parties, the MOU governing the Electric Unit Plaintiffs grants overtime pay at a higher rate than the FLSA and severely limits the City's liability. (Id.) The parties assert that this nominal amount of $500.00 is greater than their potential recovery at trial, where they may recover nothing. (Id. at 23.) Plaintiffs' counsel also represents that the City has prospectively begun to pay the Electric Unit Plaintiffs double-time overtime based on a corrected regular rate of pay. (Mastagni Decl. ¶ 35.) Because the parties have not submitted the relevant MOUs or provided specific calculations, the Court cannot ascertain whether this nominal amount is reasonable.

//
//
//
//
//

Similarly, the Court notes that Plaintiffs forego any claims to liquidated damages in the Agreement. (Id. at 14–15, 18.) Courts have rejected FLSA settlements that "entirely exclude the possibility of recovering liquidated damages," unless the employer "present[s] evidence that it took 'the steps necessary to ensure its practices complied with FLSA' and 'show that it actively endeavored to ensure such compliance.'" Kerzich v. County of Tuolumne, 335 F. Supp. 3d 1179, 1191 (E.D. Cal. 2018) (quoting Flores v. City of San Gabriel, 824 F.3d 890, 905 (9th Cir. 2016)) (internal edits omitted). Here, counsel for the City provides no evidence of its good faith and only states that Plaintiffs' claimed damages would be reduced by 50% if the City prevailed on the issue. (Crawford Decl. ¶ 23.) This feeble explanation generally would not pass muster.

Nevertheless, the Court finds that the exclusion of liquidated damages does not doom the Agreement. This case is distinguishable from Kerzich, where the parties not only discounted the total amount of damages by 75% to account for liquidated damages but also could not explain how they reached this decision. Plaintiffs have forgone a claim to liquidated damages, but have not discounted the settlement amount. Further, the parties calculated damages using more favorable calculations than those delineated in the FLSA and excluded the City's potential offsets. As a result, Plaintiffs' counsel represents that the settlement amount may be "on part with" or "exceed the maximum amount that could be recovered based on strict FLSA calculations even with full liquidated damages applied." (Mastagani Decl. ¶ 49.)

Accordingly, the Court concludes that the proposed settlement amount is reasonable, with the exception of the nominal amount to the IBEW Local 47 Electric Unit Plaintiffs. This factor weighs somewhat in favor of approval of the Agreement.

### 2. Stage of Proceedings and Amount of Discovery Completed

The Court must also consider the stage of the proceedings and the amount of discovery completed to ensure the parties "have an adequate appreciation of the merits of the case before reaching a settlement." Selk, 159 F. Supp. 3d at 1177. Here, the parties have engaged in extensive informal discovery. (Mastagni Decl. ¶ 18; Crawford Decl. ¶ 8.) The parties exchanged overtime and payroll records that detailed the overtime hours worked, compensation paid, and calculation of damages, as well as relevant legal authority. (Mastagni Decl. ¶ 19; Crawford Decl. ¶¶ 8–11.) Plaintiffs' counsel also reviewed the applicable labor agreements pertaining to Plaintiffs' compensation relevant to their claims. (Mastagni Decl. ¶ 20.) Based on this review of information, the parties identified their bona fide disputes and negotiated a settlement. (Id. ¶¶ 21–24.) The Court concludes that the parties have conducted sufficient discovery to understand their relative litigation positions. Accordingly, this factor weighs in favor of approval.

//
//
//
//
//
//

3. **Seriousness of the Litigation Risks Faced by the Parties**

"Courts favor settlement where 'there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all.'" Seguin, 2018 WL 1919823, at *4 (quoting Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 255 (N.D. Cal. 2015)). Here, the settlement amount is equivalent to, and perhaps greater than, the Plaintiffs' maximum recovery at trial. As the parties note, Plaintiffs' damages face significant reduction at trial, given the Agreement's more generous damages calculation formula, exclusion of Defendants' potential offsets, and Defendants' likelihood of establishing good faith. (Mot. at 20–23.) Accordingly, this factor also weighs in favor of approval.

4. **Scope of Any Release Provision in the Settlement Agreement**

"A[n] FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." Slezak v. City of Palo Alto, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017). Here, the Agreement only requires Plaintiffs to release claims "arising in, or in connection with, or out of the ACTION and FLSA Claims described above any such claim related to, arising in, or in connection with, or out of the FLSA Claims described above." (Agreement ¶ 7; Mot. at 24.) Accordingly, the Court concludes that the release does not exceed the FLSA's scope. This factor weighs in favor of approval.

5. **Experience and View of Counsel and the Opinion of Plaintiffs**

"The opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." Selk, 159 F. Supp. 3d at 1176. Here, Plaintiffs' counsel has over twenty years of experience litigating labor and employment cases, including for public safety unions and their members and on FLSA matters substantially similar to that in the instant action. (Mastagni Decl. ¶¶ 5, 9–10.) Plaintiffs' counsel represents that the settlement is fair and reasonable. (Id. ¶ 53.) Accordingly, the Court concludes that this factor weighs in favor of approval.

6. **Possibility of Fraud or Collusion**

"The likelihood of fraud or collusion is low … [when] the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator." Slezak, 2017 WL 2688224, at *5. While the parties in this case do not represent that they negotiated the Agreement through a mediator, counsel for both parties represent that the Agreement is a result of arms-length negotiations. (Mastagni Decl. ¶ 22; Crawford Decl. ¶ 10.) The Court also finds that the favorable formula for calculating damages and the total settlement amount—which is equivalent to Plaintiffs' maximum potential recovery—suggest little collusion. Accordingly, this factor weighs in favor of approval.

//
//

In sum, all six factors weigh in favor of approval of the Agreement, with the caveat that the Court cannot determine whether the nominal amount of $500.00 for the Electric Unit Plaintiffs is reasonable. Despite this caveat, the Court concludes that, under the totality of the circumstances, the Agreement constitutes a fair and reasonable resolution of bona fide disputes over FLSA claims. The Court APPROVES the Agreement.

**C. Attorneys' Fees and Costs**

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Selk, 159 F. Supp. 3d at 1180 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)); see also 29 U.S.C. § 216(b) (finding that a court "shall … allow a reasonable attorney's fee to be paid by the defendant" when an employer violates certain FLSA provisions). "When a settlement produces a common fund for the benefit of the entire class, a court has the discretion to apply either the percentage-of-recovery method or the lodestar method to determine a reasonable attorney's fee." Dashiell v. County of Riverside, 2018 WL 3629915, at *5 (C.D. Cal. July 19, 2018) (citing Selk, 159 F. Supp. 3d at 1180). "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%." In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015).

Here, the Agreement provides for $272,274.99 in attorneys' fees and costs, which is "slightly less than twenty-five percent" of the total settlement amount. (Agreement ¶ 1(a).) Because this amount is within the benchmark, the Court finds that the attorneys' fees and costs initially are reasonable. The Court may apply "the lodestar method as a cross-check of the percentage method." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002). "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." Id. Plaintiffs' counsel has not presented any billing records such that the Court can perform a lodestar cross-check. However, the high settlement amount, combined with attorneys' fees and costs that are within the "usual range" of settlement fee awards, appears to indicate reasonableness. While the Court cautions counsel to provide justifications for attorneys' fees and costs in the future, the Court ultimately concludes that the fee award is reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. The Court:

1. APPROVES the Joint Motion for Approval of Settlement Agreement under the FLSA;

2. ORDERS Defendant City of Colton to make the payments and perform the conditions contained in the Agreement within forty-five calendar days of this order or of Defendant City of Colton's receipt of a Plaintiff's signed Agreement and release of claims;

3. DISMISSES WITH PREJUDICE the action upon Defendant City of Colton's making said payments;

4. AWARDS Plaintiffs' counsel attorneys' fees and costs in the amount of $272,274.99; and

5. VACATES the hearing set for January 10, 2022.

**IT IS SO ORDERED.**